# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **RALONDA NDIAYE,** | ) | **CASE NO. 1:17 CV 1814** |
| | ) | |
| Plaintiff, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **SAM THOMAS III, ESQ.,** | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Ralonda Ndiaye filed the above-captioned action against Attorney Sam Thomas, III, on behalf of the Estate of Emma Brown. Her Complaint is disjointed and at times delusional. It appears to stem from her mother's guardianship in the Cuyahoga County Probate Court filed in 2011. Initially, Plaintiff and her sister both asked the Court to appoint them as their mother's guardian, but agreed to withdraw their requests and allow Attorney Leslye Huff to act as guardian. Thomas filed a Notice of Appearance on behalf of the Plaintiff on May 24, 2012, but withdrew as her counsel three months later on August 31, 2012. Plaintiff's Mother, Emma Brown, died on September 7, 2015. The guardianship was terminated on May 19, 2016.

In this case, Plaintiff contends her mother did not have a stroke, but was chemically restrained so that her mother's liver could be given to her father, a mason, who died of cancer and her bone marrow could be donated to a relative of the Probate Court judge. She further claims Probate Court employees used a probate contract to steal money from the Federal Reserve Bank, breaking laws pertaining to the procurement of organs, and funding for gay rights legislation. She

also claims during the Obama administration, unidentified parties were engaging in human trafficking, making pornography, and pandering obscenity, using her image obtained using spyware, to attract visitors to Cleveland for the Republican National Convention. The remainder of the Complaint reads similarly. She asserts numerous causes of action including, but not limited to conspiracy, denial of due process, denial of equal protection, violation of the Administrative Procedures Act, employment discrimination, housing discrimination, statute of frauds, contempt of office, targeting Christians with religious hatred and murder, domestic violence, violations of the Racketeer Influenced Correct Organizations Act ("RICO"), extortion, use of occult technology and installation of hidden cameras, kidnaping, fiduciary fraud, judicial misconduct, attorney malpractice, antitrust, bribery, state sponsored terrorism, human trafficking, pandering pornography, illegal procurement of funding, harboring and concealing fugitives, insurance fraud, torture, tyranny, mail fraud, wire fraud, money laundering, bankruptcy fraud, obstruction of justice, voyeurism, violations of campaign finance laws, and ERISA violations. She does not specify the relief she seeks.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court may dismiss an action *sua sponte* if the Complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the Court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The Court must read Plaintiff's *pro se* Complaint indulgently and accept her allegations as true, unless they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The claims asserted in this action satisfy these criteria. Even if a probate estate were active for Emma

Brown, and Plaintiff were the appointed executrix, she could not appear *pro se* on behalf of the estate. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)(citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir.1997)). Moreover, the allegations in the Complaint have nothing to do with the named Defendant, Attorney Thomas, and are clearly irrational.

## Conclusion

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                                             /s/Donald C. Nugent
                                             DONALD C. NUGENT
                                             UNITED STATES DISTRICT JUDGE

Dated: ___January 16, 2018_____

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.